IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00255-CMA-MJW

LAURA SAXTON, and
DOUG SCHELLING,
*as the surviving parents of Kelsie Schelling, decedent*,

Plaintiffs,

v.

DONTHE LUCAS,
SARA LUCAS,
VIVIAN LUCAS,
DAWN SHAY LUCAS,
NEAL ROBINSON, *in his individual capacity*,
KEN ESPINOZA, *in his individual capacity*,
ANDREW MCLACHLAN, *in his individual capacity*, and
CITY OF PUEBLO, COLORADO,

Defendants.

---

**REPORT AND RECOMMENDATION ON THE LUCAS DEFENDANTS' MOTIONS TO DISMISS (Docket Nos. 60, 62, 63, & 64)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Pending before the Court are motions to dismiss filed by Defendants Donthe Lucas, Sara Lucas, Vivian Lucas, and Dawn Shay Lucas (collectively, the "Lucas Defendants").  (Docket Nos. 60, 62, 63, & 64.)  Plaintiffs did not file a timely response.

## Background

The other Defendants in this case—Neal Robinson, Ken Espinoza, Andrew McLachlan, and the City of Pueblo (collectively, the "Pueblo Defendants")—have also

moved to dismiss. (Docket No. 38.) The Court issued a report recommending that the Pueblo Defendants' motion to dismiss be granted in part. (Docket No. 65.) In that recommendation, the Court set forth in detail the facts and claims alleged in the Amended Complaint, as well as the applicable legal standards under Federal Rule of Civil Procedure 12(b)(6). (*Id.*, pp.1–4.) That discussion is incorporated herein by reference.

The Amended Complaint asserts two claims against the Lucas Defendants:

- Count One of the Amended Complaint alleges that the Lucas Defendants killed Kelsie Schelling, and are thus liable for wrongful death under Colorado state law, C.R.S. § 13-21-201, *et seq*. (Docket No. 8 ¶¶ 55–60.)

- Count Four of the Amended Complaint alleges that the Lucas Defendants conspired with the Pueblo Defendants to destroy, conceal, or fail to develop evidence that would be relevant to the wrongful-death claim in violation of Plaintiffs' constitutional right to access the courts, and are thus liable under federal law, 42 U.S.C. § 1985. (Docket No. 8 ¶¶ 71–72.)

## Discussion

The Lucas Defendants argue that the Amended Complaint fails to plausibly plead any personal participation by them in any constitutional violation. *See, e.g.*, *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("'Individual liability under § 1983 [*et seq.*] must be based on personal involvement in the alleged constitutional violation.'" (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997))); *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and holding that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.").

As to Count Four, the Court agrees that the Amended Complaint alleges no factual content from which it could be reasonably inferred that the Lucas Defendants had any involvement with the alleged acts or omissions of the Pueblo Defendants. There are no factual allegations from which any agreement or concerted action could be inferred. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (plausibility "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Accordingly, the Court recommends that the Lucas Defendants' motions be granted as to Count Four.

However, the Lucas Defendants' arguments fail with regard to Count One. As detailed in *Stamp v. Vail Corporation*:

> Any wrongful death claim . . . contains two elements: (1) the death of a person, and (2) a wrongful act that would have entitled the person "injured" to maintain an action, had the person survived. We have described a wrongful death claim as a "derivative" claim because—as its second element demonstrates—it depends upon the claim that the decedent would have had if she had survived her injuries. Consequently, a derivative claim, such as wrongful death, is subject to the same defenses available to the underlying claims.

172 P.3d 437, 451 (Colo. 2007) (internal citations omitted). The Amended Complaint alleges facts giving rise to a plausible inference that these elements are satisfied. Specifically, the Amended Complaint alleges that Donthe Lucas was the last person seen with Kelsie Schelling the night she disappeared in February 2013; that he possessed both her car and her credit cards the following day; that he disposed of her car with the assistance of Dawn Shay Lucas, Sara Lucas, and Vivian Lucas; that Sara Lucas had large, unexplained blood stains on her carpet; and that Donthe Lucas has given demonstrably false statements as to the events surrounding her disappearance. These facts are sufficient to raise a plausible inference of wrongful death predicated on assault, battery, or some other tortious conduct as to Donthe Lucas. It also suffices to raise a plausible inference of wrongful death predicated on civil conspiracy as to the remaining Lucas Defendants. *See Magin v. DVCO Fuel Sys., Inc.*, 981 P.2d 673, 674–75 (Colo. App. 1999) (to establish a civil conspiracy, a plaintiff must show 1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result). Accordingly, the Court recommends that the Lucas Defendants' motions be denied as to Count One.

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that:

- The Lucas Defendants' Motions to Dismiss (Docket Nos. 60, 62, 63, & 64) be granted as to Count Four but denied as to Count One; and
- Count Four be dismissed in its entirety.

5

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:       November 23, 2015            */s/ Michael J. Watanabe*
             Denver, Colorado             Michael J. Watanabe
                                          United States Magistrate Judge